69 F.3d 544
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James JENKINS, Plaintiff-Appellant,
v.
EASTERN CAPITAL CORP., dba Fitness U.S.A. Health Spas,
Defendant-Appellee.
 No. 94-15709.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 19, 1995.*
Decided Oct. 31, 1995.
 
 1
 Before: SNEED, PREGERSON and FERNANDEZ, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 James Jenkins appeals the district court's order granting summary judgment in favor of Eastern Capital Corp., Jenkins' former employer, on Jenkins' claims of breach of an implied employment contract and an implied covenant of good faith and fair dealing. The district court lacked jurisdiction, and we therefore vacate the judgment of the district court.
 
 
 4
 Jurisdiction in this matter is grounded exclusively in diversity because all of the causes of action in Jenkins' complaint were based on state law. Under 28 U.S.C. Sec. 1332, diversity jurisdiction is established when each defendant is a citizen of a different state from each plaintiff and there is more than $50,000 in controversy. Jenkins is a citizen of California.
 
 
 5
 "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business...." 28 U.S.C. Sec. 1332(c). A corporation's principal place of business is determined using one of two tests: the place of operations test or the nerve center test. Danjaq v. Pathe Communications Corp., 979 F.2d 772, 776 (9th Cir.1992). "[W]here a majority of a corporation's business activity takes place in one state, that state is the corporation's principal place of business ... [t]he 'nerve center' test should be used only when no state contains a substantial predominance of the corporation's business activities." Industrial Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1094 (9th Cir.1990); see also Danjaq, 979 F.2d at 776.
 
 
 6
 Eastern Capital is incorporated in Nevada, and its headquarters are in Nevada. Its business, however, is the operation of health spas located in California. Eastern Capital does not operate health spas in other states.[1]
 
 
 7
 Because California contains a substantial predominance, if not all, of Eastern Capital's business activities, the "place of operations" test applies, and there is no reason to apply the "nerve center" test. See Danjaq, 979 F.2d at 776; Industrial Tectonics, 912 F.2d at 1094. Under the "place of operations" test, Eastern Capital's principal place of business is California. See Danjaq, 979 F.2d at 776; Industrial Tectonics, 912 F.2d at 1094. Thus, for the purpose of diversity jurisdiction, Eastern Capital is a citizen of California. Because both Jenkins and Eastern Capital are citizens of California, the district court lacked diversity jurisdiction. See 28 U.S.C. Sec. 1332(c).
 
 
 8
 We, therefore, VACATE the district court's judgment and REMAND with directions to dismiss this action for lack of jurisdiction.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Jenkins asserts that Eastern Capital is affiliated with health spas in Michigan and Indiana, operated by Detroit Health Corporation. However, Detroit Health Corporation is a Michigan corporation which is not named as a defendant in this action